## Bauer, Appellant, *v.* Rhode Island Insurance Co.

Argued June 2, 1958. Before JONES, C. J., MUS-MANNO, ARNOLD, JONES and COHEN, JJ.

*I. Finkelstein,* for appellants.

*John R. McConnell,* with him *Charles C. Hileman, III,* and *Morgan, Lewis & Bockius,* for appellee.

OPINION BY MR. CHIEF JUSTICE JONES, June 30, 1958:

The plaintiffs, in behalf of themselves as well as any other creditors of Rhode Island Insurance Co. who might desire to join them, sued the Insurance Company, a Rhode Island corporation, in the court below, joining as defendants the Wm. Penn Fire Insurance Co., a Pennsylvania corporation, which is a debtor of the Rhode Island Insurance Co., upon a note for $100,-000 whereof the remaining defendant, Doeskin Products, Inc., is a guarantor. The affairs of the Rhode Island Insurance Co. are now, and for a number of years have been, in the hands of a receiver appointed by a court of the corporation's domicile.

In the instant case, the plaintiffs, by their amended complaint in equity, prayed (1) appointment of an ancillary receiver of the assets in Pennsylvania of the Rhode Island Insurance Co., (2) an injunction restraining the Wm. Penn Fire Insurance Co. from paying over or transferring any funds, property or assets to the Rhode Island Insurance Co., save under the order of the court, (3) an injunction restraining Doeskin Products, Inc., from paying to Rhode Island Insurance Co. any of the indebtedness owed by the Wm. Penn Insurance Co. upon its note and (4) further injunctive relief in cognate connection.

After a hearing, the learned chancellor found that the only remaining asset in Pennsylvania owed to or claimed by the domiciliary receiver of the Rhode Island Insurance Co. is a disputed claim of $24,000 against the Wm. Penn Fire Insurance Co.; that the promissory note evidencing the $100,000 indebtedness of the Wm. Penn Fire Insurance Co. to the Rhode Island Insurance Co. is physically located in Providence, Rhode Island, in the possession of the domiciliary receiver who is subject to the jurisdiction of a Rhode Island court; and that the plaintiffs are creditors of the insolvent company in the sum of $1,255.56 for which they have received and accepted from the domiciliary liquidator dividend checks in partial distribution on account of their proven claim. It cannot be seriously disputed that the chancellor's findings of fact are supported by the evidence; and it is equally incontrovertible that the conclusions of law which the chancellor applied thereto are well founded.

The chancellor concluded, as a matter of law, on the basis of our decision in *Commonwealth ex rel. v. Consolidated Indemnity and Insurance Company,* 362 Pa. 561, 67 A. 2d 434, that the only thing for an ancillary receiver in Pennsylvania to do would be to

transfer forthwith to the domiciliary receiver assets of the insolvent company collected in this State. The chancellor further concluded that, since there are practically no assets of Rhode Island Insurance Co. left in Pennsylvania, the facts did not warrant the appointment of an ancillary receiver for any purpose. Accordingly, the chancellor entered a decree *nisi* dismissing the complaint at the plaintiffs' costs. Exceptions thereto were dismissed by the court *en banc* and the decree *nisi* made final from which the plaintiffs have appealed.

What the appellants frankly seek is to have us overrule our decision in *Commonwealth ex rel. v. Consolidated Indemnity and Insurance Company,* supra, which we have no intention of doing. We there held that, where a domiciliary receiver has been appointed for an insolvent foreign insurance corporation, assets in the hands of an ancillary receiver in Pennsylvania, which were in this State at the time the company was adjudged insolvent, are not distributable to unsecured Pennsylvania creditors to the exclusion of all other creditors of the insolvent company and, further, that such assets should be turned over promptly to the domiciliary receiver when the Pennsylvania court, having jurisdiction of the ancillary receiver, is satisfied that distribution of all of the assets of the insolvent company, from whatever source derived, will be distributed ratably among all creditors of the company everywhere. The opinion of the court below in the *Consolidated Indemnity* case, supra, whereon we affirmed per curiam, is in keeping with the modern legal concept (see, e.g., Restatement, Conflict of Laws, §554) which serves equity and justice in all instances unaffected by the fortuitous location of some of the insolvent company's assets. In the present instance, the court below was justifiably satisfied that, as the record revealed, the plaintiffs are re-

ceiving equal treatment with all other unsecured creditors of the insolvent company in the domiciliary distribution of its assets.

Decree affirmed at appellants' costs.